# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODERICK WASHINGTON,** | 1:07-CV-0446 AWI DLB P |
| **Plaintiff,** | **ORDER DENYING MOTION TO VACATE JUDGMENT** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | (Document #25) |
| **Defendants.** | |

    Plaintiff is a state prisoner who had filed a civil rights complaint pursuant to 42 U.S.C. §1983. On December 14, 2007, the court dismissed the complaint without prejudice for Plaintiff's repeated failures to submit a complete application to proceed in forma pauperis.

    On January 7, 2008, Plaintiff filed a motion to vacate judgment. Plaintiff contends that the he did submit a declaration to proceed in forma pauperis and answered all questions on the form.

    Motions for reconsideration are disfavored. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To

succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief.  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff has failed to make a showing that any such grounds exist to vacate the judgment. The court has reviewed the motion to proceed in forma pauperis at issue in the dismissal order.  The application is not signed under penalty of perjury.  Thus, the court did not error in finding the application incomplete and dismissing this action.  Plaintiff is not entitled to relief from judgment pursuant to Federal Rule 60(b).

Accordingly, Plaintiff's motion to vacate is DENIED.

IT IS SO ORDERED.

**Dated:   August 15, 2008**                    /s/ **Anthony W. Ishii**
                                            CHIEF UNITED STATES DISTRICT JUDGE

2